**ALASKA TRANSPORTATION COMMISSION, Neil G. Harper and William L. Burns, Commissioners, and Interior Airways, Inc., an Alaskan Corporation, Petitioners,**

**v.**

**ALASKA AIRLINES, INC., an Alaskan Corporation, and Northern Consolidated Airlines, Inc., Wien Alaska Airlines, Inc., et al., Respondents.**

**No. 881.**

Supreme Court of Alaska.

Sept. 5, 1967.

---

7.  Bentley v. State, 397 P.2d 976, 978 (Alaska 1965).

D. A. Burr and Edgar Paul Boyko, Attys. Gen., Juneau, Andrew E. Hoge, Asst. Atty. Gen., Anchorage, for Alaska Transportation Commission.

J. H. Shortell, of Irvine & Shortell, Anchorage, and Charles Cole, Fairbanks, for Interior Airways, Inc., for petitioners.

William V. Cheek, Seattle, Wash., and R. J. McNealy, Anchorage, for Alaska Airlines, Inc.

J. L. McCarrey, Jr., Anchorage, for Northern Consoliated Airlines, for respondents.

Before NESBETT, C. J., DIMOND, J., and SANDERS, Superior Court Judge.

## OPINION

NESBETT, Chief Justice.

We have granted the petition of Alaska Transportation Commission and Interior Airways, Inc. for review of a temporary injunction issued by the trial court against the commission. The injunction enjoined the commission from

ordering, granting, or issuing a temporary certificate or authority under the guise of a temporary exemption by virtue of Alaska Statute 02.05.060 to Interior Airways, Inc., for permission or authority to operate as a scheduled air carrier non-stop over the air route from Anchorage-Fairbanks and Fairbanks-Anchorage * * *.

The principal question to be decided is whether the commission, under the exemption authority conferred upon it by AS 02.05.060, may grant a carrier a temporary exemption to operate a scheduled service over a particular route.

Certain procedural facts will be related in order to place the present proceeding in perspective.

On October 10, 1966, Interior Airways filed an application for a certificate of public convenience and necessity to operate a scheduled air route from Fairbanks to Anchorage to Fairbanks. The Alaska Transportation Commission issued public notice of the application on February 20, 1967. Later, on March 29, 1967, Interior filed another application with the commission seeking a temporary certificate of public convenience and necessity for the same Fairbanks to Anchorage to Fairbanks route. The application contained the following information:

Type of Certificate Applied for: Temporary Certificate of Public Convenience and Necessity.

The commission published notice of this application on March 31, 1967. The notice stated in part:

Notice is hereby given pursuant to the Air Commerce Act * * * that Interior Airways, Inc. has made application for a temporary Certificate of Public Convenience and Necessity.

On May 2, 1967, the commission ordered that a "conference" on this application be held May 11, 1967. On May 8, 1967, representatives of Alaska Airlines met informally with the commission to inquire as to the nature of the "conference". Two days later on May 10, 1967, Alaska Airlines filed a complaint [1] against the commission alleging, in substance, that the proposed action to be taken on the application for a temporary certificate was in excess of the commission's authority and would deny plaintiff due process of law. Attached to the complaint was an affidavit which indicated that the commission proposed to handle the ap-

---

[1]. The complaint alleged in part:
Defendants purpose to consider the application of Interior Airways under Commission Rule 3461 which purports to give the defendant Commission the right to grant temporary authority which in this case they construe to mean their right to grant a temporary Certificate to an air carrier, regularly over a scheduled Route.

plication for a temporary certificate under AS 02.05.060 and commission rule 3461 adopted pursuant thereto. Motions for a temporary restraining order and a preliminary injunction were also filed.[2]

The scheduled May 11 "conference" was held. At the conference the chairman stated the position of the commission as:

[T]he Commission has been operating on the basis that the so called temporary authority comes under the temporary exemption provisions * * *. [T]hat a hearing is not required in the case of temporary applications.

On May 18, 1967, a hearing on the motion for a preliminary injunction was held and the trial court granted the preliminary injunction on June 5, 1967.

We are of the opinion that the court erred in granting the temporary injunction.

AS 02.05.040 provides that, subject to certain exceptions stated in AS 02.05.050, "[N]o person may engage in air commerce unless there is in force a certificate issued by the commission authorizing that person to engage in air commerce as a certificated carrier, contract carrier, or air taxi operator."

AS 02.05.060 in pertinent part states:

From time to time when an emergency requires, the commission may exempt from the requirements of this chapter or any provision of it, or a rule, regulation, term, condition, or limitation prescribed under it, an air carrier or class of air carriers, if the commission finds that the enforcement of this chapter or provision of it, or a rule, regulation, term, condition or limitation is an undue bur-

den on the air carrier or class of air carriers by reason of the emergency or unusual circumstances affecting the operation of the air carrier or class of air carriers, and is not in the public interest.

Petitioners contend that under the authority conferred upon it by these exemption provisions the commission may grant a temporary exemption to operate a scheduled service. Petitioners point out that the language of AS 02.05.060 is almost identical to the corresponding exemption provision of the Federal Aviation Act of 1958[3] except that as a prerequisite to the exercise of the commission's powers of exemption under the Alaska Statute an emergency must exist.

Petitioners argue that the power of the commission under AS 02.05.060 is in most respects coextensive with that of the Civil Aeronautics Board with respect to the granting of exemptions. We agree. Because the Alaska Air Commerce Act of 1960 was patterned in many respects after the Federal Aviation Act, federal decisions construing the Federal Act may be persuasive in construing analogous provisions of the Alaska Act.

In the case before us we have found American Airlines, Inc. v. Civil Aeronautics Board[4] to be persuasive. There the court in construing Section 416(b) clearly recognized that the Civil Aeronautics Board had the authority to exempt a class of supplemental, non-certificated carriers from the certification requirements of the act, provided it found that the exempted carriers were subject to an undue burden within the meaning of the Act. The exemption order proposed to permit the carriers to

---

2. Interior Airways, Inc. appeared as an intervenor. Northern Consolidated Airlines, Inc., Wien Alaska Airlines, Inc., and Fairbanks Air Service were joined as defendants or involuntary plaintiffs.

3. Section 416(b) of the Federal Aviation Act of 1958 (49 U.S.C. § 1386(b) (1963)) in pertinent part states:
   The Board * * * may * * * exempt from the requirements of this subchapter or any provision thereof

* * * any air carrier * * * if it finds that the enforcement of this subchapter or such provision * * * is or would be an undue burden on such air carrier * * * by reason of the limited extent of, or unusual circumstances affecting, the operations of such air carrier * * * and is not in the public interest.

4. 98 U.S.App.D.C. 348, 235 F.2d 845 (1956).

make a maximum of ten scheduled round trip flights per month between any two points.

In approving the Board's power to issue such an exemption order under Section 416(b) the court stated:

> It is clear that the foregoing provision has two basic parts. In the first place, in broad language, it empowers the Board to exempt any class of carriers from 'any provision' of the statute or 'any rule, regulation, term, condition, or limitation prescribed thereunder.' This is sweeping language. The second basic provision in the paragraph is that in order to exert this broad power of exemption the Board must find that enforcement of the statutory provision is or would be 'an undue burden' on the class of carriers by reason of the limited extent of, or unusual circumstances affecting, the operation of such carriers. The Board must further find that enforcement of the provision is not in the public interest.[5]

We construe AS 02.05.060 as conferring sufficient authority on the commission to permit it to exempt Interior from the certification requirements of AS 02.05.-040 and to grant it temporary authority to operate a scheduled service between Fairbanks and Anchorage if the commission finds an emergency so requires, an undue burden exists, and the public interest would be served by the exemption.

It is true that AS 44.62.560(e) provides that the superior court may enjoin agency action in excess of constitutional or statutory authority at any stage of the proceeding. The trial court obviously believed that the commission intended to meet forthwith for the purpose of granting Interior a temporary certificate in violation of constitutional and statutory rights.

The trial court was premature in granting the injunction. The commission has the authority to grant a temporary exemption to operate a scheduled service provided all the conditions of AS 02.05.060 are fulfilled. No constitutional right of due process with respect to notice and hearing had yet been violated. There was no legal basis for the trial court to assume otherwise than that the commission would have acted in accordance with the constitution and statutes.

The case is remanded to the superior court with directions to dissolve the temporary injunction and for the conduct of any other appropriate proceedings including remand to the commission.

In view of our decision it is not necessary to consider the additional points raised by petitioners.